UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CASE NO.: 4:23-cv-3130

ALEX EVERS,

        Plaintiff,

v.

EXCITE INC. dba EXCITE EXPERIENCES aka EXCITEMYTRAVEL.COM,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ALEX EVERS by and through his undersigned counsel, brings this Complaint against Defendant EXCITE INC. dba EXCITE EXPERIENCES aka EXCITEMYTRAVEL.COM for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff ALEX EVERS ("Evers") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted Work of authorship.

2. Evers is currently the full time Director of Photography and Content Strategist for (r)evolution Magazine, a tech-trade publication, and in his free time, he is the Assistant Managing Editor for non-party Eclipse Sportswire ("Eclipse"). Eclipse allows Evers to keep his love of being creative and cover horse racing together, while making stunning photographs at major races around the country. Most recently, his remote image of the epic finish between Beholder and Songbird in the 2016 Breeders' Cup Distaff was recognized with an Honorable

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

Mention in Eclipse Award Media voting. Evers has been creating images professionally for over a decade.

3. Defendant EXCITE INC. dba EXCITE EXPERIENCES aka EXCITEMYTRAVEL.COM ("Excite") is a tour company founded by John Bell in 2012. The company organizes group travel, vacation packages, and tours all over the United States. At all times relevant herein, Excite owned and operated the internet website located at the URL https://www.excitemytravel.com/ (the "Website").

4. Plaintiff alleges that Excite copied his copyrighted Work from the internet in order to advertise, market and promote its business activities. Excite committed the violations alleged in connection with Excite's business for purposes of advertising and promoting sales to the public.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Nebraska.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Excite Inc. is a Nebraska corporation, with its principal place of business at 3121 Joann Avenue, Bellevue, NE 68123, and can be served by serving its Registered Agent, and President, John Bell, at the same address.

2
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## THE COPYRIGHTED WORK AT ISSUE

10. In 2016, Evers created the photograph entitled "EVS_050716_Nyquist_004", which is shown below and referred to herein as the "Work":



11. Evers registered the Work with the Register of Copyrights on September 8, 2016, and was assigned the registration number VA 2-016-363.  The Certificate of Registration is attached hereto as Exhibit 1.

12. Plaintiff's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.  The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

13. At all relevant times Evers was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Excite has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Excite copied the Work.

16. On or about July 17, 2020, Evers discovered the unauthorized use of his Work on excitemytravel.com ("the Website").

17. Excite copied Evers' copyrighted Work without permission or authorization.

18. After Excite copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its tour agency.

19. Excite copied and distributed Evers' copyrighted Work in connection with Excite's business for purposes of advertising and promoting Excite's business, and in the course and scope of advertising and selling products and services.

20. Excite committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Evers never gave Excite permission or authority to copy, distribute or display the Work at issue in this case.

22. Evers notified Excite of the allegations set forth herein on April 27, 2022 and May 12, 2022. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Plaintiff owns a valid copyright in the Work at issue in this case.

25. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Excite copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Evers' authorization in violation of 17 U.S.C. § 501.

27. Excite performed the acts alleged in the course and scope of its business activities.

28. Excite's acts were willful.

29. Plaintiff has been damaged.

30. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Alex Evers prays for judgment against Defendant Excite Inc. dba Excite Experiences aka Excitemytravel.com that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendant be required to pay Plaintiff his actual damages and Excite's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Plaintiff be awarded pre- and post-judgment interest; and

    e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 17, 2023                            Respectfully submitted,

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

/s/ Evan A. Andersen
EVAN A. ANDERSEN
evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3372 Peachtree Road
Suite 115
Atlanta, GA  30326
404.496.6606 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Alex Evers*